IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JOHN LUCZKOVICH**,

    Plaintiff,

vs.                                                       No. 11cv923 JCH/KBM

**WALMART ASSOCIATES,**

    Defendant.

**MAGISTRATE JUDGE'S ANALYSIS
AND RECOMMENDED DISPOSITION[1]**

**THIS MATTER** comes before me on an Order of Reference issued pursuant to 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Virginia Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990), and directing me to "perform any legal analysis required to recommend to the Court an ultimate disposition" of any motions filed in this case. *See* Doc. 6.  Before the Court is pro se plaintiff John Luczkovich's *Application to Proceed in District Court without Prepaying Fees or Costs* (hereinafter called a motion to proceed in forma pauperis "IFP") [Doc. 2], and his *Motion for Appt. of Counsel* [Doc. 3], which is devoid of anything other than those words.  Before ruling on the motion to proceed IFP, the Court must "review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and

---

[1] Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed.

facts in support of the issues raised in the action." *Id.* at 1312.

## I. Applicable legal standards.

The Court must dismiss the action "at any time if the court determines that" the complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii). *See Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissals under § 1915(e)(2)(A) & (B) are mandatory). A party applying to proceed IFP must show that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself . . . with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

In screening the complaint, the Court resolves the issue whether the complaint states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). This means that the Court must

> look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' factual allegations in a complaint must be enough to raise a right to relief above the speculative level. In addition, [the Court] must construe a pro se [] complaint liberally.

*Id.* at 1218 (internal quotation marks, original brackets, and citations omitted). Thus, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based," even in a complaint prepared by a pro-se plaintiff. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Id.* The court should take a two-step approach in determining whether a complaint states a claim upon which relief may be granted. First, it "identif[ies] the [conclusory] allegations in the complaint that are not entitled to the assumption of truth" and disregards them. *Id.* at 1951. Then it "consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 1949.

**II. Luczkovich has not established indigency.**

I have carefully reviewed Luczkovich's financial affidavit and his Complaint. Luczkovich is 53, has no dependents, and owns a car and a motorcycle free of debt. While it appears that Luczkovich's expenses for necessities (rent, utilities, food, telephone, and car and motorcycle insurance) of $544/month are only $196 less than his income from unemployment benefits and food-stamps, he does have some discretionary income that could be applied toward his filing fees and he has not established true indigency. The Tenth Circuit has denied permission to proceed IFP when the financial affidavit shows that "monthly income exceeds [] monthly expenses by a few hundred dollars," because when income exceeds expenses for necessities, it seems apparent that the plaintiff has "sufficient income to pay the filing fees." *Brewer v. City of Overland Park Police Dep't*, No. 01-3055, 24 Fed. App'x 977, 979, 2002 WL 12259, **2 (10th Cir. Jan. 4, 2002). I need not hold a hearing to further inquire into Luczkovich's financial situation, however, because as discussed below, he has not stated sufficient facts to state a cognizable federal claim for discrimination, so I will recommend that the Court deny IFP and dismiss his Complaint for failure to state a claim.

**III. The Complaint.**

Luczkovich is suing Walmart corporation for alleged violation of Title VII of the Civil Rights Act of 1964 on the basis of employment discrimination because of his race, which is "white." *See* Compl. at 2; *id.* att. 4 (charge of discrimination filed with the EEOC). Luczkovich was employed by Walmart as a part-time Produce Sales Associate between July 11, 2008 and August 1, 2010, when he was fired by co-manager Kalic Berry for allegedly failing to properly discard out-of-date produce and after two previous write-ups for unapproved absences and violation of Walmart's "respect for the individual" policy. *See* Compl. at 3-10; *id.* att. 4. He contends that the allegations regarding failure to properly discard out-of-date produce were false and were "initiated by" his produce-manager, Anthony Duran, and "collaborated by" another assistant manager named Stephen. *See* Compl. at 8. Luczkovich states that Duran left a lot of out-of-date produce on the shelves when he did inventory the day before Luczkovich was fired, noting, "double standard?". *Id.* at 7. Luczkovich alleges that Duran's job was in jeopardy because Duran had received a bad evaluation a week or two before Luczkovich was fired; that Duran failed to properly train associates; and that Duran "was not training his non-speaking English associates how to set prices, make labels, log throwaways, etc." *Id.* at 9. Luczkovich states, "Anthony discriminates against me." *Id.*

Although Luczkowich was fired on August 1, 2010, he did not file his EEOC complaint until almost a year later, on July 13, 2011, so the EEOC dismissed his complaint as untimely on July 19, 2011. *See* Compl., att. 4, 5.

**IV. Luczkovich's Complaint should be dismissed for failure to state a claim.**

To state a claim under Title VII for a wrongful termination, "the plaintiff must show that (i) she belongs to a protected class; (ii) she was qualified and satisfactorily performing her job; and (iii)

4

she was terminated under circumstances giving rise to an inference of discrimination." *Martin v. Nannie & the Newborns, Inc.*, 3 F.3d 1410, 1417 (10th Cir. 1993), *overruled in part on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). Luczkovich had failed to state facts to support the first and third elements. But the critical inquiry in all Title VII discrimination cases is whether the plaintiff has alleged facts showing that an adverse employment action occurred "under circumstances which give rise to an inference of unlawful discrimination." *Texas Dep't of Comty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). "[T]here must be at least a logical connection between each element of the prima facie case and the illegal discrimination for which it establishes a legally mandatory, rebuttable presumption." *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 311-12 (1996) (internal quotation marks omitted). Luczkovich has failed to state a claim under Title VII for employment discrimination because he has stated no facts to show "circumstances which give rise to an inference of unlawful discrimination" because he is white. *Burdine*, 450 U.S. at 253.

**V. Luczkovich's motion for appointment of counsel should be denied.**

> A plaintiff asserting an employment discrimination claim has no constitutional or statutory right to appointed counsel. Title VII of the Civil Rights Act of 1964, however, provides that the district court may, in its discretion, appoint counsel for a plaintiff in an employment discrimination action. 42 U.S.C. § 2000e-5(f)(1) states that "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security."

*Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir.1992) (internal citations omitted). The Court should consider three factors when evaluating such a motion in a Title VII case: "(1) plaintiff's ability to afford counsel; (2) plaintiff's diligence in searching for counsel; [] (3) the

merits of plaintiff's case." *Id.* at 1420-21.  If the issue is a close one, the Court should also consider "the plaintiff's capacity to prepare and present the case without the aid of counsel." *Id.* at 1421.

> Before counsel may be appointed, a plaintiff must make affirmative showings of (1) financial inability to pay for counsel, (2) diligence in attempting to secure counsel and (3) meritorious allegations of discrimination.

*Id.*  Luczkovich probably does not have sufficient finances to pay for counsel, but he has failed to inform the Court whether he has made any attempts to secure counsel.  Critically, he has failed to state a claim of racial discrimination under Title VII and he failed to file a timely administrative claim, so the issue whether he should be appointed counsel to pursue his claim is not a close one.  Further, his case must be dismissed under § 1915(e)(2)(B)(ii).  Thus, at this juncture, I recommend that the Court deny Luczkovich's motion for appointment of counsel [Doc. 4].

I further recommend that the Court deny Luczkovich's motion to proceed IFP [Doc. 3] and dismiss his Complaint without prejudice under § 1915(e)(2)(B)(ii); *Lister*, 408 F.3d at 1312; and *Trujillo*, 465 F.3d at 1217.

_____
CHIEF UNITED STATED MAGISTRATE JUDGE